### DAVID WARREN *v.* JACOB EDGERTON.

Each debtor in an execution is to be regarded as liable for the whole debt, *in solido;* and the officer having the execution to levy is not bound to regard any equities subsisting between the debtors themselves, or between the debtors and their other creditors.

An officer, who is about to levy an execution upon the land of one of several execution debtors, cannot be required to regard the offer of such debtor to expose to him the personal property of his co-debtors and to indemnify him for levying the execution, for its entire amount, upon such personal property.

A. purchased of B. land, which was then subject to attachment in a suit against B., C. and D., then pending, in favor of another person. Judgment having

been obtained against all the defendants in that suit, the officer holding the execution demanded of B. payment of its amount. B. offered to expose to the officer personal property of C. and D., the other execution debtors, sufficient to satisfy the execution, and A. and B. offered to indemnify the officer, if he would levy upon such personal property. The officer declined to do so, but levied the execution, for its full amount, upon the land which B. had conveyed to A., and A., to redeem the land, was compelled to pay the amount due, with the officer's fees for the levy. *Held,* that A. could not maintain an action against the officer for levying the execution upon the land, or for falsely returning, that the execution debtors had neglected to expose personal property sufficient to satisfy the execution.

TRESPASS ON THE CASE. The plaintiff alleged in the first count in his declaration, that on the seventeenth day of February, 1847, he purchased of Addison Buck certain land in Pittsford, which was then under attachment in a suit in favor of Holbrook, Carter & Co. against said Buck, Blanchard Rand and Germain F. Hendee; that judgment was rendered in said suit against all the defendants therein, and execution issued, which was delivered, for service, to the defendant Edgerton, who was then sheriff of the county of Rutland; that although Buck, Rand and Hendee were the owners of personal property, in severalty, sufficient to have satisfied the execution, which personal property was exposed and tendered by Buck to the defendant, that he might levy the execution upon it, yet the defendant wrongfully levied the execution upon the land above mentioned; and that the plaintiff, to redeem the land, was compelled to pay the full amount due upon the execution, with the officer's fees for the levy. In the second count it was alleged, that the defendant had falsely returned upon the execution, that the debtors had not exposed or tendered personal estate sufficient to satisfy the execution and all legal charges. Plea, the general issue, and trial by the court, April Term, 1848,—HALL, J., presiding.

On trial it appeared, that the plaintiff had received from Buck a deed of the premises levied upon, and that the premises had been attached, and judgment was rendered and execution issued, in the suit in favor of Holbrook, Carter & Co. against Buck, Rand and Hendee, and that the execution was levied by the defendant upon the land, and that the plaintiff, to redeem the land, paid the amount due upon the execution and for the officer's fees, as stated in the declaration. The defendant stated in his return upon the

Warren *v.* Edgerton.

execution, in common form, that he levied upon the land in question by reason of the execution debtor having neglected to make payment of the amount due upon the execution, and not having exposed or tendered personal estate sufficient to satisfy the same. It also appeared, that in the morning of the day on which the execution was levied, the defendant called upon each of the execution debtors, and demanded payment of the amount due; that Buck informed him, that he should turn out the personal property of Rand and Hendee, the other execution debtors, and offered to go with the defendant to the respective dwelling houses of Rand and Hendee, and tender and expose personal property, belonging to them, upon the execution; that the defendant refused to go with him, or to take the personal property of Rand, or Hendee, but offered to take any personal property of Buck, which he would expose to him. Subsequently, and before the levy was made, Buck renewed his offer to the defendant, and the plaintiff and Buck offered fully to indemnify the defendant for taking the personal property of Rand and Hendee; but the defendant again refused to take any personal property, except such as should be shown to him, belonging to Buck, and proceeded to levy the execution upon the premises in question. It also appeared, that Rand and Hendee had personal property, sufficient to satisfy the execution, and that Rand lived within fifteen rods of the place where the demand was made upon Buck, and that Hendee lived two or three miles distant. It also appeared, that at one of the conversations between Buck and the defendant, Buck claimed, that Rand and Hendee were the principal debtors in the execution; but it did not appear upon the trial, whose the debt was, as between Buck, Rand and Hendee, or whether it legally or equitably belonged to one of them to pay it, more than to the other. Upon these facts the county court rendered judgment in favor of the defendant. Exceptions by plaintiff.      -

*E. N. Briggs* and *C. L. Williams* for plaintiff.

The property was wrongfully taken by the defendant upon the execution. As against Buck the defendant had no right to levy upon Buck's real estate. The provisions in reference to an officer's power, or right, to take the real estate, or the body, of an execution debtor are substantially the same. Rev. St., c. 42, §§ 14, 15; c.

28, § 24.  Sl. St., c. 28, §§ 2, 3.   And the right to take either the body or real estate of an execution debtor is postponed to that of taking personal property.   *Warner* v. *Stockwell et al.,* 9 Vt. 21. *Eastman* v. *Curtis,* 4 Vt. 620.   *Hall* v. *Hall,* 1 Root 120.   All the execution debtors within the officer's precinct are to be regarded as one person, so far as relates to their having real or personal estate; and the officer must take the personal property of either of them, which is exposed to him, before he can take the real estate, or body, of either of the others.

*E. Edgerton* for defendant.

It was the right of the creditors in the execution to select any one of the debtors, and compel a satisfaction from him, without regard to any supposed equities between the debtors.   *Parker* v. *Dennie,* 6 Pick. 227.   The officer is not bound by statute to take property on an execution upon the indemnity of any person, other than the creditor, or his agent, or attorney.   Rev. St., 239, § 10.

The opinion of the court was delivered by

REDFIELD, J.   We think, each debtor in execution is to be regarded as liable for the whole debt, *in solido;* and the officer having the execution to levy is not bound to regard any equities subsisting between the debtors themselves, or between the debtors and their other creditors.   Whether there be any mode, in which such equities can be reached, is not necessary now to be determined.

It is obvious to us, that to hold that one execution debtor might turn out the personal property of his co-debtor, and might, upon giving indemnity, require the officer to levy the entire amount of the execution upon such property, while other debtors might, with the same pertinacity, be pressing counter commands upon the officer, would lead to inextricable embarrassment, if the officer were disposed to perform his duty, and would, in every way, be liable to the greatest abuses.                                   Judgment affirmed.